UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | |
|---|---|
| JUSTIN BENTLEY, individually and On behalf of other similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> REDLINE CAPITAL, INC., <br><br> Defendant. | Case No.: 4:25 cv 319-KGB <br><br> DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO STRIKE PLAINTIFF'S CLASS ALLEGATIONS |

**DEFENDANT REDLINE CAPITAL, INC.'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO STRIKE PLAINTIFF'S CLASS ALLEGATIONS**

Defendant, Redline Capital, Inc., by and through its attorney Thomas P. Yardley, of Buchalter, PC, pursuant to Federal Rule of Civil Procedure 12(f)(2), hereby submits this Reply Memorandum in support of its Motion to Strike Plaintiff's Class Allegations, stating as follows:

### I.   Introduction

Plaintiff's Response works diligently to avoid confronting the bevy of issues their Complaint raises, not the least of which is the now-admitted ethical conduct by its counsel, Jason Ryburn. By making himself a material witness, Plaintiff's counsel makes his representation impossible under the Advocate Witness Rule. Additionally, Plaintiff suggests they should be able to deceive parties and this Court under the guise of being "investigators." Astonishingly, Plaintiff now attempts to claim the issue of consent – the very reason for the TCPA's existence and *the* deciding factor in levying TCPA violations – is now just a mere "red herring," ignoring this is precisely why the TCPA allows for penalties for "each such violation." Plaintiff argues that the fatal issues regarding an overly-broad class, atypical class representative and inadequate counsel

1

should all be ignored, and he should be allowed to proceed despite the impossibility of pursuing claims as a class.

Most perplexingly, Plaintiff's Response includes a declaration of Jason Ryburn wherein he *admits* to the misconduct which Defendant brought to this Court's attention in its Motion to Strike. Asserting his violations are "not material," Mr. Ryburn suggests he was *required* to insert himself as a witness into this case and now attempts to re-characterize his involvement as an "investigation", while failing to explain why he made misrepresentations on the return call. (Ryburn Decl. ¶¶ 4-18). His declaration further does not attempt to explain the contrasting positions taken in statements to Redline and this Court, finally admitting what Redline had alleged, "I needed to do this in order to receive an email" – referring to the email which started this action, and which he improperly suggests was received *by Mr. Bentley*, but was instead sent to his own private email. (Ryburn Decl. ¶15). (Cruz Decl. ¶16). This shifting of arguments belies the seriousness of the issues facing Plaintiff's Complaint and counsel, who has been deceptive in their Complaint and to this Court about their conduct and involvement in originating this action.

Further, nothing in Plaintiff's Response explains the similarly questionable conduct of the Plaintiff himself, Mr. Bentley, who has distorted and deceived this Court through his pleadings as to his real involvement in forming this case. (Plaintiff's Complaint, ¶¶ 15-31). (Cruz Decl. ¶¶15-20). (Cruz Decl. Ex. B, C). (Ryburn Decl. ¶¶ 4-18).

Because Plaintiff's class definition is far too over-broad, and because Plaintiff cannot hope to cure the issues of commonality, typicality and adequacy presented both by his prior consent to be contacted, and the numerous ethical issues, this Court must strike the class allegations alleged in Plaintiff's Complaint.

## II.   Argument

The specific events leading to the discovery of this TCPA action as alleged by Plaintiff, and now contrasted by Plaintiff counsel's declaration, makes it impossible to remedy the many issues of law and fact that must be resolved on a class-wide basis. Plaintiff is now even more uncommon and atypical of other class members, and is woefully inadequate to represent the interests of class members who would be subject to entirely different discovery and facts (especially pertaining to the ethical breaches) surrounding Plaintiff's claims. As such, Plaintiff fails the most basic requirements of Rule 23(a). These same issues doom Plaintiff under a Rule 23(b) analysis, as they predominate his ability to resolve this matter. The result is a fatally defective Complaint whose class allegations must be stricken.

### A. Plaintiff's Class Definition Is Impermissibly Overbroad

Rather than confront the 8th Circuit striking down language identical to that used in his class definition, Plaintiff instead spends a large part of his Response obfuscating a true analysis of overly broad class actions. Speaking to ascertainability and over-breath, the 8th Circuit has noted "Although the TCPA clearly supports class-wide resolution <u>in the abstract</u>, [t]here are no invariable rules regarding the suitability of a particular case filed under ... the TCPA for class treatment;<u> the unique facts of each case generally will determine whether certification is proper</u>." *Hand v. Beach Ent. KC, LLC*, 456 F. Supp. 3d 1099, 1135 (W.D. Mo. 2020). [Emphasis Added]. Citing to the United States Supreme Court, the 8th Circuit considers "whether proceeding as a class will 'generate common answers apt to drive resolution of the litigation.'" *In re Pork Antitrust Litig.*, 665 F. Supp. 3d 967, 995 (D. Minn. 2023), citing *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350, 131 S.Ct. 2541, 180 L.Ed.2d 374 (2011) (quoting 2 W. Rubenstein, Newberg on Class Actions § 4:49, pp. 195-96 (5th ed. 2012)).

While Plaintiff cites heavily to the ruling in *Sandusky Wellness Center* to suggest his proposed class is acceptable, he ignores the fact that the ruling is not carte-blanc approval for a TCPA action. Plaintiff's own citation states a threshold issue when examining a class definition remains whether the class definition requires an inquiry into each member's claim. *See Sandusky Wellness Ctr., LLC v. Medtox Sci., Inc.*, 821 F.3d 992, 995 (8th Cir. 2016). Using Plaintiff's own standard, there is simply no possible way for Mr. Bentley to claim his jumbled questions of law and fact are the same for him as the rest of his proposed class. Even if this Court were to allow Plaintiff's class definition to stay, the admitted conduct of Plaintiff and his counsel, inject a whole series of specific issues unique to Mr. Bentley. The evidence on file would also require extensive discovery into Mr. Bentley's specific actions leading up to the filing of this action, as he has been deceptive in his communications to Redline and this Court. (Plaintiff's Complaint, ¶¶ 15-31). (Cruz Decl. ¶¶15-20). (Cruz Decl. Ex. B, C). (Ryburn Decl. ¶¶ 4-18).

It is precisely because of these many issues that Plaintiff now wishes to claim the issue of consent, the most critical issue in a TCPA action, is merely a "red herring" and they should make no effort to clarify a class which is properly defined to include persons who received calls but did not answer, received calls and answered, received calls and voicemails, received only voicemails, if they even listened to voicemails – *none* of these issues are addressed in Plaintiff's Response, in addition to the many issues raised by Plaintiff and counsel's actions, which undermine the very formation of this action. (Plaintiff's Complaint, ¶¶ 15-31). (Cruz Decl. ¶¶15-20). (Cruz Decl. Ex. B, C). (Ryburn Decl. ¶¶ 10-18). Recall, Plaintiff alleges he was contacted by Redline (Plaintiff's Complaint, ¶¶ 20-21), his counsel now acknowledges he requested information from Redline (Ryburn Decl. ¶¶ 16), the same information which now forms the basis of this action. (Plaintiff's Complaint, ¶¶ 29). Clearly, this issue separates Mr. Bentley from the rest of the proposed class.

The many specific issues to Mr. Bentley, and his counsel in this case, combined with Plaintiff trying to include every single person in the United States for four years prior, is impermissible and must be rejected.

### B. The Ethical and Legal Issues are Unique to Plaintiff and Share No Common Questions to the Rest of the Alleged Class, Making Plaintiff Singular, Atypical and Inadequate.

Because Plaintiff's counsel now admits to the conduct for which he has been reported to the Arkansas ethics board, the analysis of his standing under Rule 23 to proceed with the class allegations alleged becomes far clearer. Plaintiff relies on improper citations to law, and misstatements of fact, to argue that while there are issues of consent and potential ethical violations, they are not "material" *enough*, and should be ignored. This position is against the weight of 8th Circuit case law, and must be rejected. Plaintiff's claims are now further uncommon than those of other potential class members, he is atypical and his counsel cannot adequately represent the class. As such, Plaintiff's class allegations must be stricken.

**(1) Plaintiff's Claims are Uncommon to the Class.**

Citing to the Supreme Court, the 8th Circuit has firmly held "for Rule 23(a)(2) commonality, dissimilarities between class members may be relevant if they preclude a finding that there is "even a single common question." *In re Pork Antitrust Litig.*, 665 F. Supp. 3d at 996, citing *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. at 359, 131 S.Ct. 2541. Indeed, it was the Supreme Court itself who clarified that while "[a]ny competently crafted class complaint literally raises common 'questions,'" the real assessment for a Court's commonality assessment is "not the raising of common "questions" -- even in droves -- but, rather the capacity of a class-wide proceeding to generate common *answers* apt to drive the resolution of the litigation…Dissimilarities within the

proposed class are what have the potential to impede the generation of common answers." *Wal-Mart*, 564 U.S. at 349-51, 131 S.Ct. 2541 (Emphasis in Original).

Plaintiff here cannot hope to cure the myriad of factual, legal and ethical issues which separate Mr. Bentley's now-proven-false allegations contained in the Complaint (Plaintiff's Complaint, ¶¶ 27-31; Ryburn Decl. ¶¶ 10-18) with *the rest of the nation* whom he attempts to represent. Relying on a standard for a motion for summary judgment, Plaintiff instead asserts the sworn declaration of Redline's CEO, Nichole Cruz, is hearsay and should be ignored entirely, completely disregarding the additional evidence it provides which readily establishes Redline not only purchased pre-consenting lists but also was improperly contacted by Plaintiff's counsel in an attempt improperly obtain evidence for this case. (Cruz Decl. ¶¶10-20). The Supreme Court has resolutely held the commonality questions requires "that the common question is capable of a common answer". *See Wal-Mart*, 564 U.S. at 349-51, 131 S.Ct. 2541.

The declaration of Ms. Cruz establishes unique issues regarding not just consent, but the ethical issues raised and admitted by Plaintiff's counsel which itself will require discovery, as Defendant asserts that evidence obtained improperly (fruit of the poisonous tree) should not be admissible. (Cruz. Decl ¶¶ 15-20); *see Frimmel Management, LLC v. U.S.,* 897 F.3d 1045, 1054 (9th Cir. 2018). Further, questions remain such as, if Plaintiff actually answered the calls, if he answered *and then* listened to those calls, if he took the steps to try and contact Redline (as Plaintiff alleges and now admits they were deceptive about), or whether he received either just calls or calls and/or voicemails.

The sheer number of issues created *before* Plaintiff's counsel admitted to ethically questionable conduct in bringing this case renders it impossible to be judicially resolved through a class action.

91940401

It is precisely for that reason the 8th Circuit in *Ung* noted the issue of consent makes it "nigh impossible to determine the members of the putative class without a member-by-member analysis". *Ung v. Universal Acceptance Cor*p., 319 F.R.D. 537, 543 (D. Minn. 2017). Plaintiff's only attempt to rebut this direct rejection of their requested class definition is to argue, without any citation whatsoever, that the Court should allow discovery to proceed on this class definition so Plaintiff *might* be able to prove it later. That is unacceptable and against the weight of 8th Circuit case law, and especially given the ethical issues raised by Plaintiff's counsel's admissions (itself requiring discovery), this Court should reject Plaintiff's position. The 8th Circuit has clearly held that when assessing TCPA actions, "the issue of consent is unique to each individual of the class." *Ung*, 319 F.R.D. at 540. As such, Plaintiff's class definition must be struck.

**(2) Plaintiff Cannot Satisfy the Numerosity Requirement.**

Plaintiff relies on a misrepresentation of Defendant's position to suggest he should survive the numerosity requirement. While Plaintiff improperly attempts to use the broadest and vaguest language possible to define his class, that does not avail him of his issues regarding numerosity, nor does that mean Defendant is "talking out of both sides of its mouth". The two positions are simple enough and easily rectifiable.

Federal Rule 23(a)(1) requires a plaintiff must show that "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). In addition to the size of the class, the court may also consider the nature of the action, the size of the individual claims, the inconvenience of trying individual suits, and any other factor relevant to the practicability of joining all the putative class members. *Sanft v. Winnebago Industries, Inc.,* 214 F.R.D. 514, 521 (N.D. Iowa 2003). When a proposed class size is fluid, courts in this circuit assess numerosity

based on the plaintiff's reasonable estimate of the class size. *J.S.X. Through Next Friend D.S.X. v. Foxhoven*, 330 F.R.D. 197, 206 (S.D. Iowa 2019).

In the immediate matter, Plaintiff's issues are singularly unique, in that his counsel has actively injected himself as a material witness. This alone should defeat numerosity, as Plaintiff presents issues that are directly material and unique to him. *See Kolinek v. Walgreen Co.*, 311 F.R.D. 483, 491-92 (N.D. Ill. 2015). Plaintiff conflates the issue by asserting because *not all* class members have taken the actions he and his counsel have, then numerosity isn't a concern. That is untrue. The actions of Plaintiff and his counsel are directly material to this action. Indeed, the core allegations in Plaintiff's Complaint are now admitted to have been undertaken by his counsel. (Plaintiff's Complaint ¶¶ 15-31). (Ryburn Decl. ¶¶4-18). Additionally, Plaintiff himself has been misleading to Defendant and this Court, conflating his actions in receiving phone calls with his lawyers' actions to lure Redline into contacting him. (Cruz Decl. Ex. B, C).

In addition to requiring its own discovery, the conduct of Mr. Bentley himself and his attorney separates them from the rest of the class in a singular way. Further, it render's Plaintiff's counsel, Mr. Ryburn, a material witness, as he admits to participating in the actions underlying this lawsuit. (Plaintiff's Complaint ¶¶ 15-31). (Ryburn Decl. ¶¶10-18). Because of this, Plaintiff cannot hope to cure his defects, and fails the numerosity requirement of Rule 23(a)(1).

**(3) Plaintiff Presents Atypical Issues for a TCPA Class Member.**

Again attempting to frame the deliberate concealment and misstatements to this Court and Redline as a mere "investigation," Plaintiff asserts even if his counsel is under ethical investigation, he is still typical of all class members. This is flatly untrue, and Plaintiff improperly quotes and misunderstands many of the cases he cites. Simply put, Plaintiff's actions, and those of his attorney, put him well outside the typicality of a normal TCPA plaintiff.

Typicality requires the Plaintiff's claims be typical of the claims of the class. Fed. R. Civ. P. 23(a)(4). The typicality and adequacy criteria serve as "guideposts" for determining whether "maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *Amchem Prods., Inc. v. Windsor,* 521 U.S. 591, 626 n. 20, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997).

Plaintiff's Response suggests that because the Complaint *pleads* Mr. Bentley did not consent, the issue of consent is not really contested. That is untrue. Email evidence shows Mr. Bentley has wavered on this issue when speaking directly to Redline (while also being deceptive about his contacts with them). (Cruz. Decl. ¶¶ 4-6). (Cruz Decl. Ex. B, C). Only now, after his emailed statements, does Plaintiff's counsel try to explain away the atypical issues created by this communication and the division it creates on the issue of consent. The 8th Circuit has already held that where a Plaintiff's TCPA claims would subject him to a unique defense, typicality is destroyed. *Golan v. Veritas Ent., LLC*, 788 F.3d 814, 821 (8th Cir. 2015). A trial court must "evaluate carefully the legitimacy *of the named plaintiff's* plea that he is a proper class representative under Rule 23(a)." *General Tel. Co. v. Falcon,* 457 U.S. 147, 160, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982). (Emphasis Added). Clearly, here, Mr. Bentley would not only have to prove his TCPA claims, but would have to defend against unique ethical and legal challenges specifically to him and his counsel, as *he* is the one alleged to have been contacted by Redline, returning that call to find out who it is, which Plaintiff's counsel now admits is not true. (Ryburn Decl. ¶¶ 9-14).

Further, Plaintiff's Response also cited *FTC v. Lifewatch, Inc*. to suggest where *federal investigators* were able to mislead the *target of an investigation*, Plaintiff, too, should be able to

deceive the Defendant and Court and potentially breach ethical rules as he pleases. This position is completely unfounded. The Court in *FTC v. Lifewatch* was assessing claims of intentional deception *of federal regulators*, as well as consumers, related to medical devices - a far cry from a civil litigator lying to parties and this Court in order to drum up a legal action. And as noted above, Mr. Bentley, too, has attempted to deceive both Redline and this Court in the same manner, at once claiming to Redline he was the one to speak to "Freddy", while also filing pleadings with this Court suggesting it was him, not his counsel, who made the call. The same can be said of many of Plaintiff's other citations on this matter, wherein Plaintiff seems to conflate himself with that of a state-empowered investigator. Plaintiff's citation to *FTC v. Lifewatch, Inc.*, and substituting *investigators* for "[a Plaintiff]" is so wildly incorrect and misleading, it is at best dishonest, and at worse yet another attempt to deceive this Court.

Almost comically, Plaintiff goes on to broadly assert because *he believes* the call(s) to him came from a single location (without any proof for each call received), the telemarketers not giving *him* a full name is now also a potential ethical violation, which he imparts onto Redline. At once, Counsel should be reminded *he* is not the one who decides if his conduct is ethical – the State of Arkansas is, and they are currently investigating this matter. Still, putting aside the absurdity of his suggestion, it ignores Plaintiff counsels' own declaration wherein he admits he was unsure of the caller's location as an explanation for his actions (Ryburn Decl. ¶10), yet fails to explain why he (Mr. Ryburn) needed to make the return call rather than his client, and why he needed to lie about his identity on that call to Redline, or why he needed to continue to be deceptive about it after to both Redline and this Court. (Ryburn Decl. ¶ 10-14). Only after being reported to the ethics board does Plaintiff now suggest this was a mere "investigation" which this Court should ignore.

*None* of the cases cited by Plaintiff to suggest that the actions of Plaintiff and his counsel are acceptable involve an attorney being the one to make a return call, only to have the named Plaintiff *and his attorney* work in concert to deceive the defendant and this Court in their pleadings. *Stemke v. Marc Jones Construction, LLC*, the core case relied on by Plaintiff to assert his conduct is acceptable, is an unreported case which says nothing at all about it being acceptable to deceive the parties and the Courts. Also included in Plaintiff's faulty citations are: *Woodard v. Health Insurance Alliance*, an unreported district order which actually denied Plaintiff's TCPA claim and says nothing about counsel being allowed to deceive a Court; *Katz v. Caliber Home Loans*, which actually held "The Court recognizes that district courts have reached differing conclusions regarding whether a plaintiff states a claim when he only answers one of the allegedly violative phone calls", *Katz v. Caliber Home Loans, Inc.*, No. 3:23-CV-0145-S, 2023 WL 5311488, at *4 (N.D. Tex. Aug. 17, 2023); and finally *Whittaker v. Freeway Ins. Servs. Am.*, which makes <u>no citation whatsoever</u> to the case (*Stemke*) or the alleged standard/doctrine Plaintiff suggests from the *Stemke v. Marc Jones Construction, LLC* ruling. In short, this Court need not follow this hypothetical, nonexistent doctrine Plaintiff's purports exists, as a review of the citations Plaintiff claims "implicitly endorse" his behavior proves to be yet another flat out misrepresentation.

Plaintiff and his counsel's actions here render Plaintiff far beyond the typical class member, requiring unique and specific factual, legal and ethical investigations, and thus his class allegations must be stricken.

**(4) Plaintiff and Plaintiff's Counsel are Inadequate to Represent the Class**

Plaintiff's Response graduates from improperly citing case law to asserting that even though an ethical violation occurred and is being investigated actively, it is not *material enough*

11

91940401

to destroy the adequacy of Plaintiff's representation. The actions of Plaintiff's counsel put him squarely within the purview of critical analysis due to the advocate-witness rule.

Rule 23(a)(4) requires that class counsel and representatives "fairly and adequately protect the interests of the class" Fed. R. Civ. P. 23(a)(4). Dismissal under Rule 23(a)(4) is met where the "misconduct that prejudices the class or creates a direct conflict between counsel and the class" J.*S.X. Through Next Friend D.S.X. v. Foxhoven*, 330 F.R.D. 197, 218 (S.D. Iowa 2019). For a Motion under Rule 23(a)(4) to succeed, the moving party must demonstrate there exists evidence undermining plaintiff's credibility that a fact finder might reasonably focus on plaintiff's credibility, to the detriment of the absent class members' claims. *Hand v. Beach Ent. KC, LLC*, 456 F. Supp. 3d 1099, 1144 (W.D. Mo. 2020).

Plaintiff's counsel here admits his conduct (Ryburn Decl. ¶¶ 10-14), while also arguing, without citation, this is not material because Mr. Ryburn is not a "material witness". This argument defies belief, as Mr. Ryburn was a <u>central figure</u> in the events that form the basis of this action. (Plaintiff's Complaint, ¶¶ 19-31). Indeed, the core factual allegations suggested to have been undertaken by Mr. Bentley are now admitted to have been undertaken by Mr. Ryburn. (Plaintiff's Complaint, ¶¶ 19-31). (Ryburn Decl. ¶¶ 10-14). (Cruz Decl. Ex. B, C). As such, Mr. Ryburn admits he possesses personal knowledge of these events and is now a direct material witness to the events leading up to the filing of this action. (Ryburn Decl. ¶¶ 10-14). (Cruz Decl. Ex. B, C). Critically, Mr. Ryburn had the documents *he requested* from Redline sent to his own *personal email*. (Cruz Decl. ¶16). Not only is specific discovery required for this now-confirmed, these facts alone will require Mr. Ryburn to be a witness, specifically as it pertains to the contact with Redline in which he requested funding under false pretenses to start this litigation, using his own email addresses and contact information (not his law firm's email or contact) to do so. (Cruz Decl. ¶¶15-20).

12

After suggesting Mr. Ryburn's actions are not material (a determination for the Arkansas Supreme Court, not Plaintiff), Plaintiff then argues that because his ethical breach was not material *enough*, Mr. Ryburn can still represent Mr. Bentley. This still, however, missed the underlying issue, that Mr. Ryburn is disqualified in representing Mr. Bentley because he is as much a witness with personal knowledge of the core issues in the Complaint as Mr. Bentley is alleged to have been. (Plaintiff's Complaint, ¶¶ 19-31). (Ryburn Decl. ¶¶ 10-14). (Cruz Decl. ¶¶15-20). (Cruz Decl. Ex. B, C). The seriousness of the violation is not for Plaintiff or Defendant to decide – that is a decision squarely within the realm of the Arkansas Supreme Court. But regardless, Mr. Ryburn's own admissions thus far should disqualify him from representing the proposed class action members.

Plaintiff's counsel again attempts to obfuscate the issues in this matter and suggest his admitted deception is acceptable, while also arguing that if his conduct is ultimately found to be a violation of ethical rule, it should not be considered a material enough violation. However, Plaintiff counsel's admitted actions are material because they demonstrate that counsel is deceitful, and therefore, cannot adequately represent the interests of the class. It is also clear that Plaintiff intends to use evidence against Defendant that was improperly procured by the misrepresentations of Plaintiff's counsel. These material issues cannot be overlooked or ignored.

### C. **Plaintiff Fails Rule 23(b)(3)**

As noted extensively, *supra*, the actions of Plaintiff and his counsel create many singular issues unique to them, which would require specific discovery for these two persons, specifically. This is precisely the kind of issue the Courts seek to avoid when assessing a challenge under Rule 23(b)(3).

A class action may be maintained if each element of Rule 23(a) is satisfied, and at least one subsection of Rule 23(b) is <u>also</u> satisfied. *Hale v. Emerson Elec. Co.*, 942 F.3d 401, 403 (8th Cir. 2019). (Emphasis Added) Rule 23(b)(3)'s predominance requirement requires courts to ask "whether the common, aggregation-enabling, issues in the case are more prevalent or important than the non-common, aggregation-defeating, individual issues." *Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 453, 136 S.Ct. 1036, 194 L.Ed.2d 124 (2016). "An individual question is one where members of a proposed class will need to present evidence that varies from member to member, while a common question is one where the same evidence will suffice for each member to make a prima facie showing or the issue is susceptible to generalized, class-wide proof." *Johannessohn v. Polaris Industries Inc.,* 9 F.4th 981, 984–85 (8th Cir. 2021).

Here, there simply can be no debate that the many factual, legal and ethical issues leading to the filing of this Complaint dominate its ability to be resolved. Plaintiff's counsel is now a material witness, as he directly caused the alleged financial documents to be sent to his own personal email account. (Plaintiff's Complaint, ¶¶ 19-31). (Ryburn Decl. ¶¶ 10-14). (Cruz Decl. ¶¶15-20). (Cruz Decl. Ex. B, C). Plaintiff attempts to sheepishly avoid this issue by suggesting that because consent is an affirmative defense, the Court should deny this Motion on those grounds alone. This completely ignores the myriad of issues, which have been deceivingly plead thus far. The predominance of these issues demand resolution before Plaintiff can possibly hope to continue with this litigation – assuming of course he can even proceed with Mr. Ryburn as his counsel.

Because the declaration of Mr. Ryburn further advances the issues created by Plaintiff's conduct and the conduct of his counsel, Plaintiff cannot satisfy Rule 23(b)(3).

### D. Plaintiff has not Complied with Local Rule 23.1

Finally, Plaintiff's Response, of course, cannot hope to cure the numerous defects of Local Rule 23.1. Plaintiff does not explain which allegations satisfy Rule 23.1(b)(2) or (3), fails to provide any factual allegations regarding the grounds upon which his claims are typical of the claims of the proposed class, and gives little to no effort (past purely conclusory language) to define the number of potential class members. This is a direct violation of Local Rule 23.1, which Plaintiff cannot hope to cure.

### III.    Conclusion

Plaintiff's Response goes to great lengths to obfuscate the issues presented in Defendant's Motion, but runs afoul of 8th Circuit precedent and case law. The ethically questionable actions taken by Mr. Bentley, and his counsel, Mr. Ryburn, make Plaintiff's claims uncommon and atypical to other class members. Critically, the misrepresentations made by Plaintiff's counsel that create the core factual allegations in Plaintiff's Complaint makes him a material witness, rending him inadequate to represent the class in this matter.

WHEREFORE, Defendant Redline Capital, Inc. seeks an order of this Court striking the purported "class allegations" set forth in Plaintiff's Complaint.

Respectfully Submitted,

REDLINE CAPITAL, INC.

By: /s/ Thomas P. Yardley, Jr.
One of Redline Capital, Inc.'s Attorneys

Thomas P. Yardley, Jr.
Buchalter, PC
180 N. LaSalle, Suite 3300
Chicago, Illinois 60601
(312) 980-5760
ARDC # 6208239
tyardley@buchalter.com
docket@buchalter.com