IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | | |
|---|---|---|
| Justin Bentley, on behalf of himself and others similarly situated, | ) ) ) | |
| Plaintiff | ) ) | |
| V. | ) ) | NO. 4:25-cv-00319-KGB |
| Redline Capital, Inc. | ) ) | |
| Defendant | ) | |

## RULE 26(f) REPORT

Pursuant to FED R. CIV. P. 26(f) and Local Rule 26.1, the Parties submit this Rule 26(f) report:

1. Any changes in timing, form, or requirements of mandatory disclosures under Fed. R. Civ. P. 26 (a).

    The parties do not anticipate the need for any changes thereto.

2. Date when mandatory disclosures were or will be made.

    No later than December 19, 2025

3. Subjects on which discovery may be needed.

    Plaintiff's statement: The Plaintiff anticipates that discovery will be needed on the requisites of FED. R. CIV. P. 23 to support his anticipated motion for class certification as well as on the merits of Plaintiff's claim to prepare for trial, or to oppose any summary judgment motion the Defendant may file. Plaintiff intends to seek discovery from Defendant or any identified third parties pertaining to (1) ESI regarding the alleged calls at issue in this case and any purported data, leads, or records related thereto; (2) email and other communications related to prerecorded calling and any relationship with a vendor that may have made calls for the Defendant; (3) ESI related to any purported consent to receive calls; (4) Defendant's policies and procedures

concerning TCPA compliance; and (5) telemarketing complaints received by Defendant and its responses thereto as the Plaintiff is seeking to certify the following class:

Robocall Class: All persons within the United States to whom: (a) Defendant and/or a third party acting on their behalf, made one or more nonemergency telephone calls; (b) to their cellular telephone number; (c) using an artificial or prerecorded voice; and (d) at any time in the period that begins four years before the date of the filing of this Complaint to trial.

Defendant's Statement: Defendant filed a Motion to Strike Class Certification on or about May 22, 2025. Plaintiff filed a written Response Brief in Opposition to Motion to Strike and Defendant filed a Reply Brief in Support of Motion to Strike Class Allegations. Defendant anticipates that the Ruling on the Motion to Strike could dramatically impact the subjections upon which discovery may be needed. To the extent that Defendant's Motion is granted, Defendant anticipates that most if not more of the discovery sought by Plaintiff will be unnecessary.

4. Whether any party will likely be requested to disclose or produce information from electronic or computer-based media. If so: (a) whether disclosure or production will be limited to data reasonably available to the parties in the ordinary course of business; (b) the anticipated scope, cost and time required for disclosure or production of data beyond what is reasonably available to the parties in the ordinary course of business; (c) the format and media agreed to by the parties for the production of such data as well as agreed procedures for such production; (d) whether reasonable measures have been taken to preserve potentially discoverable data from alteration or destruction in the ordinary course of business or otherwise; (e) other problems which the parties anticipate may arise in connection with electronic or computer-based discovery.

Plaintiff's Statement: Yes, although such discovery will be limited.

   a. The disclosure or production will be limited to data reasonably available to the parties in the ordinary course of their business, with the caveat that it has been Plaintiff's experience that such data is sometimes stored in third-party systems to which defendants have a contractual right of access, such as lead generator systems or dialing system records maintained by third party contractors.

   b. As described above, the Plaintiff may require data in third party hands that is a simple matter of collecting and organizing calling records. ESI may also include information about the capabilities of and other particulars pertinent to the system used to contact the Plaintiff, as well

       as how such systems were programmed, as well as information into the calls at issue, including recordings. The burden of production of the data is minimal, and Plaintiff will analyze it at the Plaintiff's expense.

    c.     Native Format.
    d.     Yes, on behalf of Plaintiff.
    e.     None at this time.

    Defendant's Statement: At the risk of sounding repetitive, Defendant states that the outcome of Defendant's Motion will have a dramatic impact on the amount of electric and computer based media. Defendant recognizes that to the extent the aforementioned Motion is denies that Plaintiff will be seeking limited amount of electric and computer based media.

5.     Date by which discovery should be completed.

    August 12, 2026

    Defendant's Note: subject to ruling on the aforementioned Motion filed by Defendant.

6.     Any needed changes in limitations imposed by the Federal Rules of Civil Procedure.

    None at this time.

7.     Any orders, e.g. protective orders, which should be entered.

    The parties may seek entry of a confidentiality/protective order to safeguard confidential information.

8.     Any objections to initial disclosures on the ground that mandatory disclosures are not appropriate in the circumstances of the action.

    None.

9.     Any objections to the proposed trial date.

    None

    Defendant's Note: with the one caveat that the ruling on the aforementioned Motion could impact the scheduled trial date in this case

10.     Proposed deadline for joining other parties and amending the pleadings.

May 4, 2026

Defendant's Note: with the one caveat that the ruling on the aforementioned Motion could impact the scheduled trial date in this case

11. Proposed deadline for completing discovery. (Note: In the typical case, the deadline for completing discovery should be no later than sixty (60) days before trial.)

August 12, 2026

Defendant's Note: with the one caveat that the ruling on the aforementioned Motion could impact the scheduled trial date in this case

12. Proposed deadline for filing motions other than motions for class certification. (Note: In the typical case, the deadline for filing motions should be no later than sixty (60) days before trial.)

August 27, 2026

Defendant's Note: with the one caveat that the ruling on the aforementioned Motion should impact the scheduled trial date in this case

13. Class certification: In the case of a class action complaint, the proposed deadline for the parties to file a motion for class certification. (Note: In the typical case, the deadline for filing motions for class certification should be no later than ninety (90) days after the Fed. R. Civ. P. 26.(f) conference.)

April 27, 2026. Note: this date is two months longer than the current date of February 26, 2026. The parties have not yet undertaken discovery, and Plaintiff does not presently have the calling records necessary to be able to analyze them and move for class certification. The Plaintiff respectfully observes that class discovery in TCPA cases substantially overlaps with merits discovery into the individual claims, and such discovery is necessary to prove the class claims and Rule 23 elements. See *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013) (noting the "overlap" that class discovery has with the "merits of the plaintiff's underlying claim," especially when viewed in light of the need to take a "close look" at the question of predominance).

Defendant's Note: with the one caveat that the ruling on the aforementioned Motion should impact the scheduled trial date in this cas

Dated: December 11, 2025

*/s/ Jason M. Ryburn*,
Jason Ryburn
Ryburn Law Firm
650 S. Shackleford Rd., Ste. 231
Little Rock, AR 72211
[o] (501) 228-8100
[f] (501) 228-7300
jason@ryburnlawfirm.com

*/s/ Anthony I. Paronich,*
Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043.
[o] (617) 485-0018
[f] (508) 318-8100
anthony@paronichlaw.com

*Counsel for Plaintiff*

*/s/ Thomas P. Yardley Jr.*
Thomas P. Yardley Jr.
Buchalter
180 N La Salle Dr Ste 3300
Chicago, IL 60601
[o] (312) 456-0287
tyardley@buchalter.com

*Counsel for Defendant*